UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| STACEY LAMAR ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:04-CV-76/1:03-CR-145 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**M E M O R A N D U M**

This matter comes before the Court on the motion of *pro se* petitioner Stacey Lamar Anderson ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Petitioner filed a brief in support of his motion (Court File No. 1, Exh. A). Pursuant to the Court's Order (Court File No. 2), the Government filed a response to Petitioner's motion (Court File No. 3). After careful consideration of the motion and briefs and for the reasons discussed below, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct his sentence.[1]

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On June 24, 2003 Petitioner was charged in a one-count indictment with conspiring to

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in petitioner's § 2255 motion filed herein, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:03-CR-145, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

distribute fifty grams or more of cocaine base and five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) (Crim. Court File No. 2; Presentence Investigation Report ("PSR") at ¶ 1). A few months later, Petitioner appeared before Magistrate Judge William B. Carter with his counsel, Curtis L. Bowe, III ("Bowe"), and a not guilty plea was entered on Petitioner's behalf after Petitioner refused to enter a plea (Crim. Court File No. 48). On November 6, 2003 the Government filed a notice of intent to use a prior conviction to enhance Petitioner's sentence pursuant to 21 U.S.C. § 851 (Crim. Court File No. 147). The same day, Petitioner pleaded guilty, with the benefit of a written plea agreement, to the indictment (Crim. Court File No. 146; PSR at ¶ 4).

> The plea agreement provides in part as follows:
>
> At trial, the evidence would establish that [Petitioner] was a cocaine supplier for Morris, Chip Bradford and other individuals from at least 1997 through August, 2002. [Petitioner] obtained multiple kilograms of cocaine from suppliers he had in Nashville, Tennessee and Atlanta, Georgia. After receiving these drugs, [Petitioner] distributed and caused to be distributed, the drugs to other individuals for redistribution. [Petitioner] was assisted in his drug trafficking operations by his wife, Staci Anderson, Morris, Bradford and others. Drugs obtained from [Petitioner] were distributed to Morris, Bradford, Marilyn Johnson, Adrian Flemister, Michael Morris, John Hereford, Gary Lewis, Johnny McKibben, Gerald Patrick, Deborah Wilson, Rafael Phinazee and others.
>
> Police officers executed a search warrant at Lindsey Fitzgerald Morris' residence on July 1, 1998 and recovered 6 ounces of crack cocaine. This cocaine was obtained from [Petitioner].
>
> Altogether the evidence would establish that [Petitioner] distributed in excess of 150 kilograms of cocaine and over 1.5 kilograms of crack cocaine.

(Crim. Court File No. 281).[2]

---

[2] Petitioner agreed this quoted portion of the plea agreement was "true and correct" during the rearraignment (*See* Court File No. 281, November 6, 2003 Rearraignment Hearing Transcript,

2

After Petitioner pleaded guilty a Presentence Investigation Report ("PSR") was prepared. Petitioner's base offense level was thirty-eight under United States Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(1) (PSR ¶ 14). The offense level was increased four levels to forty-two because Petitioner was considered a leader or organizer of a major drug trafficking operation under USSG § 3B1.2(a) (PSR at ¶ 17). Because Petitioner accepted responsibility for his actions his offense level was decreased by three levels to thirty-nine (PSR at ¶ 21). Petitioner had an extensive criminal history (PSR at ¶¶ 25-30, 35-36) and was considered a career offender under USSG § 4B1.1 (PSR at ¶ 34). Petitioner's criminal history category was VI (PSR at ¶ 34). His Guideline range for imprisonment was 360 months to Life (PSR at ¶ 46). However, because Petitioner had two prior felony drug convictions he was subject to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A).

On February 20, 2004 Petitioner was sentenced to life imprisonment (Crim. Court File No. 192). A final judgment was entered on March 1, 2004 (Crim. Court File No. 194). Petitioner did not appeal his conviction or sentence. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 was filed on March 3, 2004 (Court File No. 1). The Petition was timely filed within the statutory one-year limitation period. 28 U.S.C. § 2255(1).[3]

---

pp. 11-12).

[3]28 U.S.C. § 2255, provides, in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme

3

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide the matter without an evidentiary hearing, explaining its reasoning as it addresses each of Petitioner's asserted grounds for relief. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993).

**II.     DISCUSSION**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence

---

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Gail v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Petitioner asserts he was denied ineffective assistance of counsel in violation of the United States Constitution because:

> (1) Counsel insisted Petitioner plead guilty "saying to not worry about the mention of a life sentence because he could talk it down at the sentencing hearing";
> (2) Counsel did not allow Petitioner to read the plea agreement thoroughly, Petitioner did not understand the plea agreement, and Counsel spent only a few minutes talking to Petitioner about the plea agreement;
> (3) Petitioner did not receive the discovery materials in a timely manner;
> (4) Counsel failed to object to the notice of intent to use prior convictions;
> (5) Counsel did not object to the PSR and Counsel failed to discuss the PSR with Petitioner until three days before he was scheduled to be sentenced; and
> (6) Counsel improperly filed a motion for downward departure

(Court File No. 1, Exh. A).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The *Strickland* test, however, must be adjusted in cases where a defendant has pled guilty instead of being found guilty after a trial. *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Petitioner

6

must show a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992).

The *Strickland* Court further held both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

### A. Guilty Plea

Petitioner argues he was denied effective assistance of counsel because Bowe "insisted that I plead guilty . . . saying to not worry about the mention of a life sentence because he could talk it down at the sentencing hearing" (Court File No. 1, Exh. A). In making this statement Petitioner appears to be arguing his counsel was ineffective because he told Petitioner he might not receive a life sentence when in fact he did. Assuming Bowe made such a statement, his conduct did not fall below an objective standard of reasonableness. Bowe was merely telling his client what might happen if Petitioner pleaded guilty. When Petitioner pleaded guilty, there was reason to believe the Government would file a motion for a sentence below the statutory minimum before or after

7

sentencing because Petitioner had the chance to assist in the prosecution of other coconspirators. Although the Government did not file a motion pursuant to USSG § 5K1.1 prior to sentencing, the Government eventually did file a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b) on May 13, 2005 (Crim. Court File No. 415). Thus, it is clear Bowe's alleged statement did not fall below an objective standard of reasonableness.

Regardless, even if Bowe's conduct could be considered deficient, any prejudice that might have resulted was cured at the rearraignment hearing where Petitioner was made aware of the statutory minimum sentence and was told by the Court the appropriate sentence was within the full discretion of the Court (*See* Crim. Court File No. 281, Nov. 6, 2003 Rearraignment Transcript ("Rearraignment Tr."), at pp. 8-10). Further, at the rearraignment hearing, the Court asked Petitioner "[d]o you understand that if the sentence you receive is more severe than what you expect, you will still be bound by your plea and will have no right to withdraw from your plea?" (*Id.* at p. 10). Petitioner responded, "Yes, sir" (*Id.*). Petitioner also represented at the rearraignment hearing he had not been threatened or forced to plead guilty (*Id.* at p. 4). Therefore, despite any alleged deficiencies on the part of his counsel, Petitioner was not forced to plead guilty and he clearly understood the consequences of his decision to plead guilty.

In sum, Bowe's advice regarding the possible length of Petitioner's sentence did not fall below an objective standard of reasonableness. However, even if it did, Petitioner's guilty plea was voluntarily entered and Petitioner was not prejudiced. Accordingly, the Court will **DENY** Petitioner's requested relief on this ground.

**B.     Plea Agreement**

Next, Petitioner asserts his counsel was ineffective because he did not allow Petitioner to

8

read the plea agreement thoroughly, Petitioner did not understand the plea agreement, and his counsel only spent a few minutes talking to Petitioner about the plea agreement. Petitioner's allegations are simply not credible. At the rearraignment hearing the following dialogue took place:

| | |
|---|---|
| THE COURT: | Mr. Anderson, have you had enough opportunity to discuss your case with your attorney? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Are you satisfied with your attorney's representation? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Mr. Anderson, I've got the [plea agreement] Mr. Sullivan just referenced. It bears your name and the heading "Plea Agreement." . . . And is this document the plea agreement that you have with the United States regarding the disposition of your case? |
| THE DEFENDANT: | Yes, sir. |
| . . . | |
| THE COURT: | Mr. Sullivan, please inform Mr. Anderson of the maximum punishment he faces for this charge. And if there is a mandatory minimum, please advise him of that. |
| MR. SULLIVAN: | Yes, Judge. Because Mr. Anderson has two prior felony drug convictions, given the weight of cocaine involved in the conspiracy, he is facing a minimum mandatory sentence of life imprisonment . . . . |
| THE COURT: | . . . Knowing these penalties, do you still wish to plead guilty? |
| THE DEFENDANT: | Yes, sir. |

9

| | |
|---|---|
| . . . | |
| THE COURT: | Okay. Mr. Anderson, is what is contained in Paragraph 8 [of the plea agreement] true and correct? |
| THE DEFENDANT: | Yes, sir. |
| . . . | |
| THE COURT: | Are you offering to plead guilty because you are in fact guilty? |
| THE DEFENDANT: | Yes, sir. |

(Rearr. Tr. at pp. 3, 5, 8, 11). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Generally, where the Court "scrupulously follows" the procedures required by Rule 11, a criminal defendant is bound by his statements in response to the Court's inquiries. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). The Court here followed the Rule 11 procedures by extensively questioning Petitioner about the voluntariness of his plea (*See* Rearr. Tr.). Moreover, Petitioner has not provided the Court with an explanation for what he now effectively contends were perjured statements to the Court. Thus, he is bound by those statements and has not shown extraordinary circumstances that indicate his answers under oath were not true.

Accordingly, the Court concludes Bowe's representation was not deficient. Nevertheless, even if he was, Petitioner was not prejudiced thereby because the record conclusively demonstrates Petitioner understood the plea agreement and the consequences of entering the plea agreement. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

10

### C. Discovery Materials

In his petition, Petitioner claims he was not given discovery material in a timely fashion and once he received the discovery material he had no tape player with which he could listen to an audio tape. Petitioner's claim is easily disposed of because it fails to meet the prejudice prong of *Strickland*. Nowhere does Petitioner allege if he had listened to the tape or received the discovery earlier he would have refused to plead guilty and demanded to go to trial. Further, there is no evidence Petitioner's sentence would have been any different if the discovery material was disclosed earlier and Petitioner had access to a tape player. Since Petitioner has not met his burden in showing he was prejudiced by his counsel's supposed failure with respect to discovery materials, the Court will **DENY** Petitioner's motion on this ground.

### D. Notice of Intent to Use Prior Convictions

Petitioner contends Bowe provided ineffective assistance of counsel when he did not object to the Government's filing a notice of intent to use prior convictions to enhance his sentence. Petitioner claims the notice of intent "only included one prior felony controlled substance conviction" (Court File No. 1, Exh. A). As the Government correctly points out, Petitioner is mistaken. The notice of intent alleged two prior drug felonies (*See* Crim. Court File No. 147; PSR at ¶ 3). Therefore, Petitioner's sentence was properly enhanced, and he was subject to a mandatory minimum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). As a result, it is obvious Petitioner's counsel was not deficient in failing to object to the notice of intent to use prior convictions and Petitioner was not prejudiced thereby. Accordingly, the Court will **DENY** Petitioner's ineffective assistance of counsel claim based on Bowe's failure to object to the notice of intent to use prior convictions.

11

### E. PSR

Petitioner also claims his counsel provided ineffective assistance of counsel because he did not object to the PSR and he did not show the PSR to Petitioner until three days before Petitioner was scheduled to be sentenced. Petitioner, without explanation, argues Bowe should have objected to "the factual statements about the case, the drug quantity involved, [Petitioner's] role in the offense, and the criminal history points" (Court File No. 1, Exh. A). Petitioner carries the burden of proving his ineffective assistance of counsel claim. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985). Petitioner's bald assertions do not come close to meeting the aforementioned burden. Therefore, the Court has no trouble in concluding Petitioner's counsel was not deficient in failing to object to the PSR. Regardless, assuming counsel was deficient, it is clear Petitioner was not prejudiced. He would have been sentenced to life imprisonment even if objections concerning the factual statements of the case, Petitioner's role in the offense, and criminal history points were sustained. While a lower drug quantity might have made a mandatory life sentence inappropriate, *see* 21 U.S.C. § 841(b)(1)(A), Petitioner has not offered any proof suggesting the appropriate drug amount was less than fifty grams of crack or five kilograms of cocaine hydrochloride.[4] Thus, although Bowe did not object to the PSR, Petitioner has failed to show how Bowe's failure was below an objective standard of reasonableness or how his failure prejudiced him.

As for Petitioner's claim his counsel did not discuss the PSR with him until three days before sentencing, the Court is unpersuaded. At the sentencing hearing Petitioner stated under oath he had read the PSR and he had adequate time to discuss it with his counsel (Sentencing Tr. at pp. 3-4).

---

[4] In fact, Petitioner declared under oath the drug amounts were well above the statutory requirements provided for in 21 U.S.C. § 841(b)(1)(A) (*See* Rearr. Tr. at pp. 10-11).

12

As the Court has already explained, Petitioner's declarations in open court are given much more weight than later unsupported allegations. Therefore, the Court concludes Bowe did discuss the PSR with Petitioner in a timely manner. Nonetheless, even if Bowe did not discuss the PSR with Petitioner until three days before he was to be sentenced, the Court concludes Petitioner was not prejudiced. Petitioner would have been subject to the same sentence even if he had weeks to review the PSR. Thus, the Court will **DENY** Petitioner's motion on this ground.

### F. Motion for Downward Departure

Finally, Petitioner argues he was denied effective assistance of counsel when Bowe improperly filed a motion for downward departure. Specifically Petitioner contends the motion for downward departure was improperly filed because it was not supported by an affidavit and the motion improperly raised an objection to the PSR. Petitioner's argument is wholly without merit. As already explained, even if a proper objection had been made to the PSR, the objection would not have had any impact on Petitioner's sentence. Therfore, it does not matter if Bowe addressed an objection to the PSR in a motion for downward departure instead of a separate document. Also, even if the downward departure motion had been perfectly written and supported by an affidavit, the Court had no authority to sentence Petitioner to anything less than life imprisonment. The Court could have sentenced Petitioner to something less than life imprisonment only if the *Government* had made a motion for downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e). *Garnica v. United States*, 361 F.Supp. 2d 724, 736 (E.D. Tenn. 2005). The Government did not file such a motion. Therefore, Petitioner has failed to demonstrate he was prejudiced by his counsel's alleged failures in filing a motion for downward departure. Accordingly, the Court will **DENY** Petitioner's ineffective assistance of counsel claim based on this ground.

## III.  CONCLUSION

For the reasons stated above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[5] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail

---

[5] The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**